UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| ALEX B. MCILVENNA,<br><br>     Plaintiff,<br><br>  vs.<br><br>CRYSTAL JOHNSON, Attorney, Minnehaha County Prosecutors Office, in her individual and official capacities; MINNEHAHA PROSECUTORS OFFICE, a/k/a Minnehaha County Prosecutors Office,[1]<br><br>     Defendants. | 4:21-CV-04227-KES<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS AND 1915A SCREENING FOR DISMISSAL |

  Plaintiff, Alex B. McIlvenna, a pretrial detainee at the Minnehaha County Jail, filed a pro se civil rights lawsuit under 42 U.S.C. § 1983. Docket 1. McIlvenna moves to proceed in forma pauperis and included his prisoner trust account report. Dockets 2, 3.

I. **Motion to Proceed Without Prepayment of Fees**

  McIlvenna reports average monthly deposits of $27.40 and an average monthly balance of $10.96. Docket 3 at 1. Under the Prison Litigation Reform Act, a prisoner who "brings a civil action or files an appeal in forma pauperis . . . shall be required to pay the full amount of a filing fee." 28 U.S.C.

---

[1] McIlvenna names the Minnehaha Prosecutors Office as a defendant in this lawsuit. The actual name of the county office that handles prosecution is the Minnehaha County State's Attorney Office. The court will refer to this office by its actual name in this order.

§ 1915(b)(1). "[W]hen an inmate seeks pauper status, the only issue is whether the inmate pays the entire fee at the initiation of the proceeding or over a period of time under an installment plan." *Henderson v. Norris*, 129 F.3d 481, 483 (8th Cir. 1997) (quoting *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997)).

The initial partial filing fee that accompanies an installment plan is calculated according to 28 U.S.C. § 1915(b)(1), which requires a payment of 20 percent of the greater of

> (A) the average monthly deposits to the prisoner's account; or
> (B) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint or notice of appeal.

Based on the information regarding McIlvenna's prisoner trust account, the court grants McIlvenna leave to proceed without prepayment of fees and waives the initial partial filing fee. *See* 28 U.S.C. § 1915(b)(4) ("In no event shall a prisoner be prohibited from bringing a civil action . . . for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee.").

In order to pay his filing fee, McIlvenna must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the court as follows:

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency

2

having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

28 U.S.C. § 1915(b)(2). The installments will be collected pursuant to this procedure. The Clerk of Court will send a copy of this order to the appropriate financial official at McIlvenna's institution. McIlvenna remains responsible for the entire filing fee, as long as he is a prisoner. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

## II.    1915A Screening

### A.    Factual Background

The facts alleged in McIlvenna's complaint are: that he has been in the Minnehaha County Jail for 18 months awaiting trial because his trial schedule for a state criminal charge has been repeatedly continued. *See* Docket 1 at 4. He also alleges that the charge for which he is awaiting trial is "made up." *Id.* He claims that the court has appointed lawyers who have done nothing on his case and refuse to subpoena witnesses. *Id.* at 5. He also claims that the prosecution has been withholding exculpatory evidence. *See id.* at 6. McIlvenna alleges that Crystal Johnson, a prosecutor with the Minnehaha County State's Attorney Office, has intentionally delayed his trial by withholding evidence of past false reports made by the victim in his case. *Id.* at 7. He alleges that Johnson has failed to turn over medical and mental health records despite a June 14, 2021, circuit court order to do so. *Id.* He also alleges that 38 days before trial, he is without necessary evidence. *Id.*

3

McIlvenna brings claims for violation of his right to a speedy trial, access the courts, equal protection, and effective assistance of counsel. *See id.* at 4-7. He asks this court to order the Minnehaha County State's Attorney Office and Johnson to turn over evidence in his criminal case and to stop delaying. *Id.* at 8. He seeks $500 for every day that his case is delayed past his scheduled trial date and $1,000,000 in punitive and compensatory damages. *Id.*

### B.     Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Pro se and civil rights complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (citation omitted); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true[.]" *Twombly*, 550 U.S. at 555

4

(internal citation omitted); *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a "complaint must contain either direct or inferential allegations respecting all material elements necessary to sustain recovery under some viable legal theory"). Under 28 U.S.C. § 1915A, the court must screen prisoner complaints and dismiss them if they "(1) [are] frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). The court will now assess each individual claim under 28 U.S.C. § 1915A.

  **C.**  **Legal Analysis**

  McIlvenna's claims involve a pending criminal case in state court. *See* Docket 1 at 4-7. "Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts." *Younger v. Harris*, 401 U.S. 37, 43 (1971). McIlvenna's claims regarding his speedy trial rights are best suited for state court. *See id.*; *see also Kurtenbach v. Howell*, 509 F. Supp. 3d 1145, 1149-50 (D.S.D. 2020) (explaining that the court dismissed a prior federal habeas corpus petition because the petitioner had not first attempted to resolve speedy trial claims in state court). Here, McIlvenna does not allege that he has attempted to bring claims regarding his speedy trial rights in state court. Thus, it is improper for this court to rule on them at this time. But because McIlvenna's claims can be easily resolved, this court will do so.

5

### 1.   Claims against the Minnehaha County State's Attorney Office

McIlvenna bring claims against the Minnehaha County State's Attorney Office and the Minnehaha County Public Advocate Office. Docket 1 at 2, 4-6. "[N]either municipalities nor government officials may be held liable for unconstitutional conduct under a theory of respondeat superior." *Rogers v. King*, 885 F.3d 1118, 1122-23 (8th Cir. 2018) (citations omitted). Thus, "a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the violation. That is, the entity's official 'policy or custom' must have 'caused' the constitutional violation . . . ." *Clay v. Conlee*, 815 F.2d 1164, 1170 (8th Cir. 1987); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) ("[I]t is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983.").

To establish governmental liability premised on an unofficial custom rather than an official policy, a plaintiff must allege facts to support a finding of "a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees" and "deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct[.]" *Brewington v. Keener*, 902 F.3d 796, 801 (8th Cir. 2018) (quoting *Corwin v. City of Independence*, 829 F.3d 695, 700 (8th Cir. 2016)). A § 1983 complaint does not need to "specifically plead the existence of an unconstitutional policy or custom to

survive a motion to dismiss." *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 591 (8th Cir. 2004) (citing *Doe ex rel. Doe v. Sch. Dist.*, 340 F.3d 605, 614 (8th Cir. 2003)). But the complaint must include some allegation, reference, or language that creates an inference that the conduct resulted from an unconstitutional policy or custom. *Id.*; *see also Doe*, 340 F.3d at 614 ("At a minimum, a complaint must allege facts which would support the existence of an unconstitutional policy or custom.").

Here, McIlvenna makes no allegations regarding a Minnehaha County policy or custom. *See* Docket 1 at 4-7. He does not allege the existence of an official policy, nor does he allege a persistent pattern of unconstitutional misconduct that would constitute an unofficial custom. *See id.* Thus, McIlvenna's claims against the Minnehaha County State's Attorney Office are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

    **2.**    **Claims Against Crystal Johnson**

        **a.**    **Official Capacity Claims**

McIlvenna brings claims against Johnson in her official capacity. Docket 1 at 2. Johnson was an employee of the Minnehaha County State's Attorney Office at the time of the incidents in question. *Id.* "A suit against a government officer in [her] official capacity is functionally equivalent to a suit against the employing governmental entity." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010). McIlvenna's official capacity claims against Johnson are equivalent to claims against Minnehaha County.

"[A] local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell*, 436 U.S. at 694. As above, a county government may be sued only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy," deprives a plaintiff of a federal right. *Id.* McIlvenna makes no allegations regarding Minnehaha County policies or customs. Thus, his claims against Johnson in her official capacity are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### b. Individual Capacity Claims

McIlvenna brings claims against Johnson in her individual capacity. Docket 1 at 2. Construing his complaint liberally, McIlvenna claims that Johnson has violated his First Amendment right to access the court, his Sixth Amendment right to a speedy trial, his Sixth Amendment right to effective counsel, and his Fourteenth Amendment right to equal protection of the laws. *See id.* at 4-7. Absolute immunity shields prosecutors "from civil liability under § 1983 for prosecutorial functions such as the initiation and pursuit of a criminal prosecution, the presentation of the [government's] case at trial, and other conduct that is intimately associated with the judicial process." *Anderson v. Larson*, 327 F.3d 762, 768 (8th Cir. 2003). In other words, "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of [her] role as an advocate for the State,

are entitled to the protections of absolute immunity." *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

McIlvenna alleges that Johnson has unconstitutionally delayed his trial and failed to provide him with evidence. Docket 1 at 4, 6-7. The filing of motions to continue the trial and the handling of evidence are acts undertaken by Johnson in the course of her role as an advocate for Minnehaha County. Johnson is thus entitled to prosecutorial immunity for these actions. McIlvenna's claims against Johnson in her individual capacity are dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(l).

### D. Strike Under 28 U.S.C. 1915(g)

The court finds that McIlvenna's complaint fails to state a claim upon which relief may be granted. Section 1915(g) states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Because McIlvenna's complaint is dismissed for failure to state a claim upon which relief may be granted, this dismissal will count as a strike.

Thus, it is ORDERED:

1. That McIlvenna's motion to proceed in forma pauperis (Docket 2) is granted.

2. That the institution having custody of McIlvenna is directed that whenever the amount in McIlvenna's trust account, exclusive of funds available to him in his frozen account, exceeds $10.00, monthly payments that equal 20 percent of the funds credited the preceding month to McIlvenna's trust account shall be forwarded to the U.S. District Court Clerk's Office under to 28 U.S.C. § 1915(b)(1), until the $402 filing fee is paid.

3. That McIlvenna's complaint (Docket 1) is dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

4. That this action constitutes a strike against McIlvenna for purposes of the three-strikes rule under 28 U.S.C. § 1915(g).

5. That judgment is entered in favor of Crystal Johnson and the Minnehaha County State's Attorney Office and against McIlvenna.

Dated February 14, 2022.

                        BY THE COURT:

                        /s/ *Karen E. Schreier*
                        KAREN E. SCHREIER
                        UNITED STATES DISTRICT JUDGE